**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PIERRE WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-CV-423 SNLJ |
| ) | |
| TRACY L. BERRY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Pierre Watson for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir.

2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

## Judicial Background

The events relative to plaintiff's complaint arose from facts relative to his criminal case. *United States v. Watson*, No. 4:15CR440 AGF (E.D.Mo). Plaintiff's criminal issues began on August 30, 2014 when police officers with the City of Maryland Heights, Missouri approached a stopped car, and found Pierre Watson in the driver's seat. *See United States v. Watson*, No. 17-2588 (8th Cir. 2018). After arresting plaintiff on several outstanding warrants, the officers conducted an inventory search of the vehicle, and discovered: "four counterfeit payroll checks; a business check in the name of an insurance company; two pieces of perforated check stock; copies of a deposit ticket containing images of two checks drawn on a Bank of America account belonging to the Law Offices of J.P.; two photocopies of checks drawn on an Enterprise Bank and Trust account belonging to the law firm, Sher & Shabsin, P.C.; and a social security card that was not issued to Watson." *Id.*

As a result of the investigation, a federal grand jury returned an indictment on January 23, 2015 charging Watson and his co-defendant, Darisha Taylor, with the following violations: (1) aggravated identity theft against both Taylor and Watson, in violation of 18 U.S.C. § 1028A, for using the name of J.F. during the commission of the crime of bank fraud; (2) possessing counterfeit implements against Watson, in violation of 18 U.S.C. § 513(b), for possessing a template of a Tokio Marine Specialty Insurance Check; and (3) aggravated identity theft against Watson, in

- 3 -

violation of 18 U.S.C. § 1028A, for using the name of J.F., during the commission of the crime of bank fraud.[1]

On October 2, 2015, the United States disclosed evidence pursuant to Rule 16. The evidence included the items seized from Watson's vehicle on August 30, 2014, two Maryland Heights police reports; a University City police report setting forth the passing of counterfeit securities by Jason Reese and others; a St. Louis County police report; records from Sher & Shabsin; and, a photographic line-up in which Watson was identified by Reese and others as the individual who provided the counterfeit checks. Counsel for Watson sought to dismiss Count 4 on the grounds that the Tokio Marine Specialty Insurance Company check was not a template within the meaning of 18 U.S.C. 513(b).

Before the Court ruled on the motion to dismiss, the United States filed a superseding indictment on January 20, 2016. The superseding indictment included the following charges against Watson: (1) aggravated identity theft, in violation of 18 U.S.C. § 1028A, Watson and Taylor used the name of M.S. during the commission of the crime of bank fraud; (2) possessing counterfeit implements, in violation of 18 U.S.C. § 513(b), Watson possessed a Tokio Marine and Specialty Insurance Company Check; (3) aggravated identity theft, in violation of 18 U.S.C. § 1028A, for possessing the name of M.S. during the commission of the crime of bank fraud.[2]

Watson renewed his motion to dismiss Count 4 at his arraignment. As a result of co-defendant Darisha Taylor's plea of guilty on January 22, 2016, and to address new information received by the United States, on January 27, 2016, a second superseding indictment was returned by the federal grand jury. Watson was the sole defendant in the indictment charging: (1) aggravated

---

[1] The indictment had four counts, but defendant Watson was not charged in counts two and three. For ease of reference, the Court has not included the counts that charged only Darisha Taylor.

[2] The indictment had four counts, but defendant Watson was not charged on counts two and three. For ease of reference the Court has not included the counts that charged only Darisha Taylor.

identity theft, in violation of 18 U.S.C. § 1028A, Watson and Taylor possessed the name of M.S. during the commission of the crime of bank fraud; (2) passing counterfeit securities, in violation of 18 U.S.C. § 513(a), Watson and Taylor passed a counterfeit Sher & Shabsin check in the amount of $869.50; (3) passing counterfeit securities, in violation of 18 U.S.C. § 513(a), Watson and Shontell Hill passed a counterfeit Sher and Shabsin check in the amount of $465.90; (4) passing counterfeit securities, in violation of 18 U.S.C. § 513(a), Watson, Temple and Courtney Lowe passed a counterfeit Restoration Temple Child Development Center check in the amount of $489.75; (5) possessing counterfeit implements, in violation of 18 U.S.C. § 513(b), Watson possessed a Tokio Marine and Specialty Insurance Company Check; (6) aggravated identity theft, in violation of 18 U.S.C. § 1028A, Watson used the name of M.S. during the commission of the crime of bank fraud; (7) tampering with a witness, in violation of 18 U.S.C. 1512(b)(1), Watson attempted to persuade Taylor to complete a fraudulent affidavit in the charged action.

Defense counsel renewed his petition to dismiss the charge of possession of the Tokio Marine template set forth in Count 5 of the second superseding indictment. The Court denied Watson's motion to dismiss on May 11, 2016. Because of continued investigation into the activities of Watson and others, a federal grand jury returned the third, and final, superseding indictment on May 18, 2016. That indictment set forth charges against Watson, S. Hill and Desiree Hill, but also referenced the involvement of Taylor, Reese, Courtney Lowe, and others in the conspiracy count. Specifically, the indictment charged defendant with the following: (1) conspiracy to defraud, in violation of 18 U.S.C. § 371, Watson, S. Hill, D. Hill, Reese, Taylor, Lowe and others engaged in a conspiracy to commit the offenses of bank fraud, identity theft, aggravated identity theft and passing counterfeit securities between the dates of July 9, 2014 and May 22, 2015; (2) bank fraud, in violation of 18 U.S.C. 1344, to further their bank fraud scheme, Watson and S. Hill withdrew the proceeds of a counterfeit $465.90 Sher & Shabsin check

deposited into S. Hill's bank account; (3) aggravated identity theft, in violation of 18 U.S.C. § 1028A, Watson used the name of M.S. during the commission of a bank fraud scheme; (4) aggravated identity theft, in violation of 18 U.S.C. § 1028A, Watson used the name of M.S. during the commission of a bank fraud scheme; (5) passing counterfeit securities, in violation of 18 U.S.C. § 513(a), Watson and S. Hill passed a counterfeit Sher & Shabsin check in the amount of $465.90 to S. Hill's bank account; (6) passing counterfeit securities, in violation of 18 U.S.C. § 513(a), Watson and Taylor passed a counterfeit Restoration Temple Child Development Center check in the amount of $489.75;(7) possessing counterfeit implements, in violation of 18 U.S.C. § 513(b), Watson possessed a template of a Sher & Shabsin check in order to create counterfeit checks; (8) tampering with a witness, in violation of 18 U.S.C. 1512(b)(1), Watson attempted to persuade Taylor to complete a fraudulent affidavit in the charged action.[3]

Plaintiff pled guilty to conspiracy to defraud in violation of 18 U.S.C. § 371 (Count One); bank fraud in violation of 18 U.S.C. § 1344 (Count Two); and passing counterfeit securities in violation of 18 U.S.C. § 513(a) (Count Nine)[4]. Following a bench trial, the Court found Watson guilty of three additional charges: passing counterfeit securities in violation of 18 U.S.C. § 513(a) (Count Eight); possessing an implement suitable for making counterfeit securities in violation of 18 U.S.C. § 513(b) (Count Eleven); and tampering with a witness in violation of 18 U.S.C. § 1512(b)(1) (Count Twelve). *United States v. Watson*, No. 4:15CR440 AGF (E.D.Mo.). Plaintiff was sentenced on June 16, 2017. The court sentenced Watson to 60 months' imprisonment on Count One and concurrent terms of 84 months' imprisonment on Counts Two, Eight, Eleven, and Twelve. The court directed that the sentences imposed be "consecutive to any sentence imposed

---

[3] The indictment contained eleven (11) counts. Plaintiff was named in eight counts in the indictment, but he was not named in counts 3, 6, 7 or 10. The numbers above do not correspond to the counts in the indictment.
[4] Watson's plea to passing counterfeit securities prior to the bench trial was eventually withdrawn and then this particular count of the indictment was dismissed by the government prior to trial.

in United States District Court, Eastern District of Missouri, under Docket Number 4:16CR00336 JAR and the sentence under Docket Number 4:15CR00350 CDP."

Plaintiff appealed the conviction and sentence to the Eighth Circuit Court of Appeals. *See United States v. Watson*, No. 17-2558 (8th Cir. 2018). On appeal, plaintiff argued that (1) the evidence was insufficient to sustain a conviction on Count Eleven; (2) the District Court exceeded its authority by directing the sentence to run consecutive to a sentence in another case that had not yet been imposed; and (3) the district court abused its discretion by refusing to allow him to withdraw his guilty pleas to Counts One and Two. The Eighth Circuit affirmed the conviction and sentence of the District Court. *United States v. Watson*, No. 17-2558 (8th Cir. 2018).

## The Complaint

Self-represented plaintiff Pierre Watson, currently incarcerated at the Randolph County Jail in Chester, Illinois, brings this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[5]

Named as defendants in this action are Tracy L. Berry, Assistant United States Attorney, and Kristen Scowcroft, Special Agent, United States Secret Service. Plaintiff alleges violations of his civil rights stemming from his 2017 conviction relating to multiple offenses from a counterfeiting scheme.

In the instant complaint, plaintiff alleges that Assistant United States Attorney Berry committed prosecutorial misconduct when during grand jury proceedings relating to plaintiff's criminal case, she purportedly submitted perjured testimony from Scowcroft. Plaintiff asserts, in a conclusory fashion that the evidence presented at the three grand jury proceedings against him was not enough to sustain "probable cause" to support plaintiff's arrest and indictment.

---

[5] A *Bivens* claim involves the same analysis as one arising under 42 U.S.C. § 1983. *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

Specifically, plaintiff accuses Agent Scowcroft of wrongfully summarizing the contents of plaintiff's vehicle, as inventoried by a 2014 Maryland Heights Police Report, and he states that this was a violation of his 4th Amendment rights.

It appears that plaintiff's specific argument centers around his assertion that Scowcroft testified at the first grand jury proceeding that plaintiff's car had been found with a "template" from a company called Tokio Marine Specialty Insurance Company, and that he was purportedly using as an implement to make a counterfeit or forged security. Plaintiff argues that by the third superseding indictment, defendants had changed their grand jury testimony to illicit that plaintiff had been found with a Sher & Shabsin photocopy of an actual Sher & Shabsin check in his car which he was using as a template to forge new checks.

Plaintiff argues, however, that there were not any Sher & Shabsin checks found in the Maryland Heights traffic stop in August of 2014. Therefore, he claims that defendants presented false evidence to the grand jury in order to obtain the third superseding indictment.

Plaintiff seeks two billion dollars in this action as well as release from confinement.

**Discussion**

Plaintiff's arguments are conclusory and disjointed. He first asserts that prosecutor Berry committed "prosecutorial misconduct" by allowing perjured testimony and false evidence to be presented to the grand jury in order to secure a warrant for plaintiff's arrest which was not secured by probable cause. He asserts false imprisonment.

As noted above, plaintiff claims that his assertion relates to eliciting defendant Scowcroft to give testimony in front of the grand jury regarding the Maryland Heights police report which listed the contents of plaintiff's car as it was found by the police in August of 2014. Plaintiff claims that Scowcroft intentionally gave the grand jury a false inventory, such that an arrest report would issue. Thus, this Court would surmise that plaintiff would be referring to the grand jury testimony

given on September 23, 2015, prior to the first indictment. However, in his complaint, plaintiff states that he is referring to the testimony given before the grand jury on May 8, 2016. Accordingly, plaintiff is referring to grand jury testimony relating to the third superseding indictment.[6]

Plaintiff's claims against Agent Scowcroft and Assistant U.S. Attorney Berry, will be dismissed. To the extent plaintiff seeks damages against these defendants in their official capacities under *Bivens*, such claims fail on the basis of sovereign immunity. *See Hartje v. FTC,* 106 F.3d 1406, 1408 (8th Cir. 1997) (the United States has not waived its sovereign immunity from suit for money damages arising from constitutional violations).

Plaintiff's individual-capacity claims against Berry fail on the basis of prosecutorial immunity. Plaintiff seeks damages from Berry for wrongs she allegedly committed while initiating and pursuing a criminal prosecution, and otherwise acting as an advocate for the government during those proceedings. However, absolute immunity protects her from such claims. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same).

Plaintiff can be understood to claim that Berry acted with an improper motive. However, such allegations do not save his claims. *See Imbler*, 424 U.S. at 427-28 (there is no fraud exception to prosecutorial immunity); *see also Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (even if a prosecutor knowingly presents false, misleading or perjured testimony, or

---

[6] The grand jury transcripts were presented under seal and *in camera* to the Court plaintiff's post-conviction case, *Watson v. United States*, No. 4:19-CV-1545 AGF (E.D.Mo). *See* Docket No.67.

withholds or suppresses exculpatory evidence, he is absolutely immune from suit). Berry is therefore immune from plaintiff's *Bivens* claims.

Additionally, plaintiff's claims in her individual capacity against Agent Scowcroft with regard to her testimony at the May 16, 2018 grand jury hearing is wholly conclusory and fails to state a plausible claim for relief. For example, plaintiff states that that Scowcroft testified at the first grand jury proceeding that plaintiff's car had been found with a "template" from a company called Tokio Marine Specialty Insurance Company, and that he was purportedly using as an implement to make a counterfeit or forged security. Plaintiff argues that by the third superseding indictment, Scowcroft had changed her grand jury testimony to say that plaintiff had been found with a Sher & Shabsin photocopy of an actual Sher & Shabsin check in his car which he was using as a template to forge new checks.

Plaintiff's argument, that because there were no Sher & Shabsin checks found in the Maryland Heights traffic stop in August of 2014 and therefore that Scowcroft submitted false evidence to the grand jury is wholly conclusory and simply incorrect. Moreover, these allegations fail to state any plausible claims for relief. *See Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements"). The Eighth Circuit Court of Appeals reviewed the record evidence in the appellate proceedings:

> An inventory search of the vehicle revealed the following items: four counterfeit payroll checks; a business check in the name of an insurance company; two pieces of perforated check stock; copies of a deposit ticket containing images of two checks drawn on a Bank of America account belonging to the Law Offices of J.P.; two photocopies of checks drawn on an Enterprise Bank and Trust account belonging to the law firm, Sher & Shabsin, P.C.; and a social security card that was not issued to Watson.

*United States v. Watson*, No. 17-2558 (8th Cir. 2018). Thus, plaintiff's assertions that no Sher & Shabsin checks were found in the Maryland Heights traffic stop are wrong. The appellate court goes on to state:

> The investigators discovered that from August 10 through August 19, 2014, the conspirators successfully passed six counterfeit checks drawn on the Enterprise Bank account of Sher & Shabsin. One of these checks, written for $465.90, was deposited into an account at U.S. Bank by co-defendant Shontell Hill. The counterfeit Sher & Shabsin checks were similar, but not identical, to the two photocopied Sher & Shabsin checks seized during the inventory search. The name of the bank, the bank routing number, and the five digit length of the check numbers matched Sher & Shabsin's account. On the counterfeit checks, a transposed letter changed "Sher & Shabsin" to "Sher & Shasbin."

Thus, Watson's statements that there were no Sher & Shasbin photocopies in the vehicle at the time of the original arrest appears to be belied by the record.[7][8] As the appellate court specifically finds that the record states that the inventory search of the car revealed two photocopied Sher & Shabsin checks.

The Court finally notes that to the extent plaintiff can be understood to claim that any defendants' misconduct caused him to be wrongfully convicted and falsely imprisoned, such claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his convictions, continued imprisonment, or sentences unless the convictions or sentences have been reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Id.* at 486-87; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Here, plaintiff has not

---

[7] Watson repeatedly argued to the district court, as well as on appeal, that a photocopy of two checks cannot be a "template" under 18 U.S.C. § 513(b). This case appears to be a similar attack on plaintiff's convictions under 18 U.S.C. § 531(b). In the criminal case, as well as in the Court of Appeals, plaintiff asserted that a photocopied check was not an "implement" designed for or particularly suited for making a counterfeit or forged security with the intent that it be so used under 18 U.S.C. § 513(b). The Court of Appeals found that a photocopied check could be such an "implement" in plaintiff's case under the facts presented. *United States v. Watson*, No. 17-2558 (8th Cir. 2018).

[8] Moreover, to the extent plaintiff seeks the initiation of federal criminal charges against defendants, such action is not subject to judicial compulsion. *See Ray v. United States Dept. of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).

shown that his convictions or sentences have been reversed, expunged, or called into question by issuance of a writ of habeas corpus. For all of the foregoing reasons, the Court concludes that the complaint fails to state a claim upon which relief may be granted against any of the named defendants.

In sum, the only thing that plaintiff has presented in his complaint are legal conclusions devoid of any factual enhancement. Such legal conclusions are insufficient to state a claim. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) ("A pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief"). Therefore, upon initial review, the Court finds that the claims against defendants fail to state a claim upon which relief can be granted and will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice under 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 22nd day of June, 2020.

                                            _____
                                            STEPHEN N. LIMBAUGH, JR.
                                            UNITED STATES DISTRICT JUDGE