UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PIERRE WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-423 SNLJ |
| ) | |
| TRACY BERRY, et al., ) | |
| ) | |
| Defendants, ) | |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's post-dismissal motion for reconsideration of the dismissal of this action under 28 U.S.C. § 1915. His motion will be denied.

Plaintiff filed his complaint and motion to proceed in forma pauperis on March 3, 2020. Plaintiff, an inmate at the Randolph County Jail, brought the instant action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) alleging that during his criminal action in this Court, the Assistant United States Attorney committed prosecutorial misconduct when during grand jury proceedings she purportedly submitted perjured testimony from a Secret Service Agent. Plaintiff specifically asserted in the complaint that the evidence presented at the three grand jury proceedings against him was not enough to sustain "probable cause" to support plaintiffs arrest and indictment. Accordingly, plaintiff's allegations culminate in a false imprisonment claim.

On June 22, 2020, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), finding that plaintiff's allegations failed to state a claim upon which relief could be granted. The Court concluded that plaintiff's claims were conclusory and failed to overcome defendants' entitlement to immunity. Moreover, defendant's factual assertions were misguided,


as found by the Eighth Circuit Court of Appeals in his criminal appeal. Finally, defendant's request for money damages were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as he had not shown that his conviction or sentence had been overturned.

Plaintiff filed the instant motion for reconsideration of the dismissal on or about July 9, 2020.[1] In his motion for reconsideration, plaintiff moves the Court for relief from judgment on the basis that the Court committed legal error in dismissing the complaint.

Plaintiff asserts that defendants conspired to submit an altered police report to the grand jury. Plaintiff once again asserts that the contents described in grand jury testimony by defendants as taken from plaintiff's vehicle when he was arrested did not match the police report made by the arresting officer from the Maryland Heights Police Department. Plaintiff also claims that the contents found in his vehicle at the time of his arrest did not warrant the federal charges made against him. Last, plaintiff makes the same argument he made in both his pretrial criminal proceedings, as well as in his criminal appeal. Plaintiff asserts that the checks found in his vehicle by the Maryland Heights Police Department cannot be considered "templates" under criminal law.

Rule 59(e) permits a court to alter or amend a judgment, but "[s]uch motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)). Rather, such motions serve the limited function of corrections of "manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d

---

[1] Normally the "prison mailbox rule" applies to the filing of a Rule 59(e) motion. *United States v. Duke*, 50 F.3d 571, 575 (8th Cir. 1995). However, plaintiff has failed to date the motion or attest to the date he placed it in the prison filing system. Therefore, the Court will use the date it was received as the date it was filed. Pursuant to Federal Rule of Civil Procedure 59(e), a litigant has twenty-eight (28) days to file a motion to alter or amend the judgment.

407, 414 (8th Cir. 1988). Unfortunately, all of plaintiff's arguments are nothing but a rehash of his prior arguments already addressed by this Court. The Court thoroughly discussed his assertions relating to the alleged lack of probable cause, as well as the purported prosecutorial misconduct in the Memorandum and Order issued on June 22, 2020. Moreover, both the criminal court as well as the Eighth Circuit Court of Appeals has already addressed plaintiff's assertions that he was not found with a "template" at the time of his arrest, such that he was in possession of materials to make counterfeit checks. Both Courts agree that plaintiff was, in fact, found with these checks in his possession. Based on the aforementioned, plaintiff's motion for reconsideration must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of this action [Doc. #14] is **DENIED**.

Dated this 15th Day of July, 2020

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE